# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JOSEPH BUCKMAN                                                           PLAINTIFF

v.                                      CIVIL ACTION NO. 3:16-CV-P196-GNS

LMPD OFFICER NICOLAS LIETZ                              DEFENDANT

## MEMORANDUM OPINION

This is a civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be allowed to proceed.

## I. SUMMARY OF COMPLAINT

Plaintiff brings this 42 U.S.C. § 1983 action against Louisville Metro Police Department (LMPD) Officer Nicolas Lietz in his individual capacity.

Plaintiff alleges that on April 14, 2015, Defendant Lietz shot him in the leg. Plaintiff alleges that, at the time he was shot, he was trying to jump over a fence. Plaintiff states that he did not have a weapon and that he did not pose a threat to Defendant Lietz. Plaintiff alleges that Defendant Lietz used "excessive deadly force" and did not follow proper procedures in apprehending him. Plaintiff contends that, as a result of this incident, he is physically disabled and permanently scarred for life. Plaintiff concludes by stating that he "will be able to prove that Defendant Lietz violated his civil rights [during] his arrest."

As relief, Plaintiff seeks money damages and injunctive relief in the form of a Court order that Defendant Lietz be terminated from his position with the LMPD.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A claim for use of excessive force effectuated upon arrest is analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The proper application of this standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396; *see also Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006). "These factors are not an exhaustive list, as the ultimate inquiry is whether the totality of the circumstances justifies a particular sort of seizure." *Baker*, 471 F.3d at 606-07.

In its analysis of these factors, the Court must also consider the following:

> [T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. . . [and] the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. . . . The 'reasonableness' inquiry is an objective one: 'the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."

*Graham v. Connor*, 490 U.S. at 396-97.

### IV. CONCLUSION

Based upon the above factors, the Court will allow Plaintiff's action against Defendant Lietz for excessive force to proceed at this time.

A separate Scheduling Order will be entered to govern the continuing claim.

Date: July 18, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendant
　　Jefferson County Attorney
4416.011