UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOSEPH BUCKMAN                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:16-CV-P196-GNS

LMPD OFFICER NICOLAS LIETZ                                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff Joseph Buckman initiated this *pro se* civil rights action under 42 U.S.C. § 1983. Upon filing the instant action, he assumed the responsibility of keeping this Court advised of his current address and to actively litigate his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

The Court mailed an Order to Plaintiff on May 31, 2017 (DN 14). This mailing was returned by the United States Postal Service marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 15). Plaintiff apparently no longer resides at his address of record, and he has not advised the Court of a change of address. Therefore, neither notices from this Court nor filings by Defendant in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

A review of the docket reveals that no action has been taken by Plaintiff in this case since August 12, 2016, over one year ago. Further, an Order entered by the Court has been returned to the Court as being undeliverable, and more than two months have passed without Plaintiff providing a new address to the Court. Because Plaintiff has failed to provide an updated address to the Court, Plaintiff has not taken any action in this case in over one year, and an Order sent to Plaintiff by this Court has been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), that Plaintiff has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

For these reasons, the Court will dismiss the action by separate Order.

Date: September 7, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Counsel of Record
4416.011

2